## MONELL and others *vs.* COLE and others.

Where the complainants give an order to the defendants upon their solicitor, to discharge a suit upon payment of costs, which order is revoked by the complainants to the defendants, but, notwithstanding, the defendants go to the complainants' solicitor and comply with the terms, and the solicitor marks the suit as settled, but no order for discontinuance is entered, the solicitor, upon being informed of the facts, may proceed with the suit.

The revocation of the order given by the complainants, before its terms are complied with, is a revival of the suit; and the defendants were not justified in making use of the order without informing the solicitor of its revocation.

*M. Taggart,* for complainants.

*J. D. Merrill,* for defendant Cole.

THE VICE CHANCELLOR. A motion was made in this cause to set aside the decree and proceedings in the cause, for irregularity. The bill was for the foreclosure of a mortgage. The bill had been filed and subpœna served, and defendant Cole had employed a solicitor to appear for him. On the 18th Feb. 1840, defendant Cole came to an arrangement with the complainants in person, to stay the proceedings in the suit until the ensuing fall; and the complainants gave the defendant Cole a writing or order upon their solicitor, of which the following is a copy:

"*Elba, Feb'y* 18, 1840.

"M. TAGGART, ESQ.—If Mr. Cole settles your costs, you may discharge the foreclosure. We have agreed to let it lay until next fall."

(Signed by complainants.)

June, 1840.

Monell and others v. Cole and others.

This agreement was made without consideration. The defendant went with it to the office of the complainants' solicitor, and obtained the amount of the costs, but had not money to pay him. He left for the purpose of procuring a note with which the solicitor should be satisfied. Before it was finally arranged, the defendant Cole met the complainants, and they informed him that they should revoke the authority thus given to discharge the suit. Cole, however, immediately went to the office of the complainants' solicitor, and, without informing him of the revocation by the complainants, settled for his costs by giving him a note, and he acknowledged the receipt thereof, and that the suit was discharged. No order to discontinue had ever been entered. The complainants' solicitor, on learning the facts, went on with the suit, and held the note subject to Cole's order. There are a voluminous mass of facts, entirely unnecessary, presented in the affidavits. The principal and, indeed, only question substantially and really presented is, whether this order and the receipt by the solicitor, amounts to a discontinuance of the suit. If it does, the subsequent proceedings of the complainants were irregular, and must be set aside as such. If it does not, still, if the defendants have merits, they might be let in upon terms ; but inasmuch as I can see no merits on the part of the defendants, I must decide this question upon technical grounds. If the defendants had procured an order of discontinuance to have been entered upon the paper obtained by them, there could have been no doubt but the further proceedings on the part of the complainants, would have been null until they had applied to have such order vacated, and until it was

vacated. But no such order was entered. The agreement to discharge or discontinue the suit, was made by the complainants; it was without consideration, and was revokable; it was revoked before the costs were actually paid according to the terms of it. The defendant was informed that it was so revoked; and in the face of this information, he undertakes to act upon it, without giving the solicitor any hint that the order had been modified. There are many other futile or rather unexecuted agreements set up in the affidavits on both sides—none of them were ever perfected. This was never perfected until after it was revoked or rescinded; and I think the defendant Cole cannot be sustained in insisting upon it. If there has been any contrivance, it would seem to be on his part; and I think the complainants' solicitor was right in disregarding it after being informed of the circumstances.

The motion must be denied, with costs to be taxed.